The early arguments, this is 25-202-56 Arnold v. Barbers Hill Independent School District and we will hear from Mr. Brush. Good afternoon and may it please the court. My name is Jonathan Brush and here with me today are my partners Amy Dimler and Rick Morris and together we represent the appellates the Barbers Hill Independent School District, Trustee Fred Skinner and Superintendent Dr. Greg Poole. Let me ask you a question about that from the jump. I want to make sure I'm not missing anything or misunderstanding anything but Mr. Poole and Mr. Skinner were not parties before the district court but they are listed as parties on the appeal. Am I fumbling something? Correct, your honor. To be clear, initially both Trustee Skinner and Dr. Poole were sued by the plaintiffs and then they were dismissed by the plaintiffs when the district dismissed its appeal, the preliminary injunction that was entered by the district court. They were dismissed by stipulation of everybody, correct? Correct. That was in 2021? Correct. Yes, it was 2021. So they were initially parties. Now this issue was never adjudicated but as local legislators they would have been entitled to absolute immunity and qualified immunity which I think is probably why it was pretty easy to get them out of the case by agreement. Now once they were dismissed they become non-parties to the litigation and so they are non-parties to the litigation but they are appellants as non-party local legislators with Trustee Skinner and with Dr. Poole. While not a legislator per se, he is entitled to invoke legislative privilege, the testimonial privilege, because one of his core job functions is working with the school board to develop policy and pass policy. Well as non-parties on this privilege issue they could be appellants but that they haven't filed the notice of appeal. They are on your notice of appeal signed only on behalf of the school district. You state in that notice of appeal that you are appealing on their behalf but it is on that notice of appeal is purely filed from the school district. As non-parties they haven't separately appealed anything. Is that right or is that wrong? I think as parties to the appeal as appellants. When you say they invoke. They are parties to the appeal as identified from the notice of appeal. Your notice of appeal. Correct. But non-parties do have standing to appeal themselves, correct? And they haven't done that. No, Your Honor, they have. They have appealed in this case and are appearing here today personal to the notice of appeal. And so you both you both cite in your briefs the district court Gilby decision and that decision you both agree says that privilege is personal and individual to somebody. Correct, Your Honor. So I looked and it wasn't until the reply brief and in a footnote you specify where you think in the record these two individuals personally invoked their privilege. Do you recall that? Yes, Your Honor, they personally invoked the privilege in the motion for protection. They have not yet been put to deposition. So they have not. But that was the school district's motion for protection. Correct. The school district filed a motion for protection to raise the issue to the trial court anticipating that both of these independent non-party legislators and superintendent would be asked questions that were calculated to invade the legislative privilege and would invade the legislative privilege and they would need to assert the privilege. Well, I guess what I'm dancing around and refine it is what case do you have that stands for the proposition the entity can assert on behalf of the individual, the individual's privilege? What's your best case for that? So I think actually the best case is La Union del Pueblo de Ontario versus and I'll go with the second second party in Benton Court. And in Benton Court, you have Vera, who McGrath notices appeal on behalf of the committee. And so he is appealing to protect the interests of the committee. But that's very different, right? In other words, it's the entity's privilege and their servant is invoking it on their behalf. But you've got a situation where the entity, say a corporation, whatever, is trying to assert an individual's privilege. Well, I think it's the same situation, Your Honor, because to your point, it's the entity's privilege in the committee situation where Vera was protecting the privilege of the committee. The district is an entity of whom Trustee Skinner is on the governing board, Superintendent Poole is essentially the CEO of the organization. The district will also be imposed and a very basic opponent to that position will be taken and that will be Dr. Poole. The district has the ability to protect the privilege, to protect the legislative privilege, just like Mr. Vera had the ability to protect the privilege. And so you have a situation where the district is going to impose on this privilege issue an absent a motion for protection, an absent a subsequent appeal. The district would be forced to weigh the privilege that belongs to the individual legislator. In that record cite to the motion to protect, all that's stated is they intend to invoke it. So there hasn't actually been an invocation? There has not yet because they have not been put to a question yet. And so they have not appeared for deposition and both of these individuals, they will be deposed. We recognize that Superintendent Poole, not all of his factual knowledge, is shielded by legislative privilege because he's an executive of the organization. So he is going to be deposed. Plaintiffs have made it clear, I think through the motion practice, that questions will invade the privilege. Part of the reason, it may seem like formalities, but part of the, of course in this record, there's a big question before us about whether or not the privilege was waived. But the district court never reached a determination on that. I think that's correct. But that's partly because there never was an invocation. There was just an intention to invoke. That's correct. However, I would respond as follows. There has, while an invocation has not been made, had a deposition. And while the district court's order on the motion for protection recited that it was not making a finding on legislative privilege and was not making a finding on waivers, the language that the district court used that will compel Mr. Skinner and Dr. Poole to sit for deposition, invoke a privilege, and then answer the questions, has essentially forced a waiver of the privilege. On its face, the district court's order compels disclosure of privilege. And so on its face, the district court's order has triggered the issue. It has brought this issue to a ripeness where this court has held jurisdiction over the issue, even though questions have not been asked. And so that is, that has essentially crystallized the issue because the order itself initiates the privilege. Once they sit for deposition, once they are forced to answer a question, the proverbial cat's out of the bag. It can't be put back in. The privilege itself is gone and it can never be But on this record, are you asking us in the first instance to say, well, their statements to the press and their statements in open court haven't themselves waived it, right? This is the whole world of EITRON and the sword and stone situation, sword and shield situation. Well, we're not asking the court to make any finding on waiver, but the case law is such that a legislator does not categorically waive the privilege by speaking publicly, by giving information. Now, the information that they've publicly disclosed court filings, that's evidence. That information is public. Plaintiff's counsel can ask questions about those public pieces of information, but they can't go beyond the non-public motivations, subjective motivations. It's not so much a question of waiver. I think it's a question of what are the contours of the privilege. Something that is public is no longer shielded by the privilege. Now, a legislator could waive the privilege if we looked at a traditional waiver, the voluntary relinquishment of a known right. If a legislator agreed to sit for deposition and answer every single question put to them about ever once invoking the privilege, they would have waived the privilege for each question that they responded to. But making a public statement is not tantamount to waiver of the privilege. It's common for legislators to make statements about that, to make statements about policy. The public needs statements from legislators as to why they're making policy. What about statements, testimony given in court at a hearing or a declaration that's provided for the court to rely upon in the record? That seems to be a little bit more than informational public statements. It's a different character than an informational public statement, but the same result obtains. The legislator has not waived the privilege beyond what they have put forward. They've made a public statement in the court finding. That information is evidence, subject to the rules of evidence. But that does not work in categorical waiver, where we look beyond what the legislator has disclosed. The privilege is something that can be still enforced even though public statements have been made, even though statements have been made in court and in court filings. We have fairly, you've briefed well the various cases. I'm focused on the three-judge district court opinion written by Judge Smith, December of 2023. And in there, he points out that if a significant amount of the statement has been disclosed, the part waives the whole. As to the statement, but not necessarily as to the remainder of the motivations. So the statement, yes, you would have, the statement is no longer subject to the privilege because it's a public document, public statement. But it does not work with waiver of everything else, nor can it, because that would result in one legislator being able to waive the privilege for all legislators. It's a controlled ability to speak, but still invoke the privilege. Very similar to any other form of privilege, where we're necessarily balancing some degree of ability to disclose against the ability to not disclose. While fundamentally different from the attorney-client privilege, people sit for depositions and trial testimony all the time. They ask questions, they answer questions, and at a leading up to the door of the privilege does not mean that they have opened the door completely to waiver of the privilege. And the reason why the testimonial privilege needs to be treated this way, the reason why it has to be carefully policed by the courts to make sure that the waiver is not found unless it is an express waiver by answering the question rather than invoking the privilege. And so when a question is asked, if you invoke the privilege and say I'm not going to answer that, you're probably invoking a still preserved privilege. And what the courts of appeals have done looking at these cases is to found an even more categorical approach than the concepts of waiver and qualified privilege. So much of the discussion of waiver in these contexts I comes from the case law that talks about legislative privilege as a qualified privilege. And it is qualified to the extent that under a federal criminal prosecution, the legislative privilege must yield for a local, state, or regional legislature. That's the extent of the qualification. And I think the 11th circuit has said this best in the Purnell versus Florida Board of Governors at the State University, which is 8-1-f-3-f-4, I'm sorry, 1-3-3-9, is that the legislative privilege is insurmountable in private civil action under section 1983. They cite the Alexander versus Holden case in their brief. I didn't see that in your reply brief. It looked like there was waiver by virtue of testimony in open court. In that case, with waiver by testimony in open court, it would be waiver only as to what was stated in open court. There's still the ability to invoke the privilege and can the legislature control the contours of the privilege. Otherwise, there's no readily administrable judicial line for what constitutes a waiver. And in this case, we don't have any determination on this subject at all, correct? Correct. The district court has not made a determination at all. So what's the relief you're asking us to do? The relief we're asking for is to find that the district court abused its discretion when it granted in part and denied in part the motion for protection. And while it says granted in part and denied in part, essentially the entirety of the order is an abuse of discretion. The district court's order compels these legislators to waive the in response to questions. So that's an abuse of discretion because it forces a waiver of the privilege. It cannot be undone. It cannot be cured through protective order. It cannot be cured through the procedure that the district court crafted, which was drawn from the motion panel order in one of the LULAC cases. That analysis doesn't survive Hughes and it doesn't survive appellate decisions from the 11th circuit and this circuit. So we ask that this court find that the district court abused its discretion when it denied the protective order and forced the district's legislators to testify to privileged material. The court should direct the district court to reverse, should reverse direct the district court to grant the protective order so that the legislators are shielded from having to disclose privileged material in response to Thank you, councillor. Ms. Young.  Michelle, Tanya, John, four plaintiffs of Cali, Deandre, Arnold, Sandy Arnold, and Kaden Romper. May I please the court. This court does not have jurisdiction to hear this appeal, but if it proceeds to do so, the narrow question for this court is whether it was an abuse of discretion for the district court to enter a pre-trial discovery order that this court, including judges Lillet and Piggins-Owen, have called carefully facted, admirable and prudent, cautious, vigilant, and narrow. It was not. I'd like to make three points. First, as Judge Pigginson wrote in LULAC, legislative privilege must not be used as a cudgel to prevent the discovery of non-privileged information. BHIS agrees on page 15 of the opening and trustee Skinner, since they have discoverable information, not shielded by legislative privilege. Indeed, more than two-thirds of our definition questions do not be arguable. As to the other third, BHIS concedes that its superintendent and school board member waived legislative privilege, at least to some testimony, when they made public statements about privileged information. Moreover, BHIS's prior legal team made a calculated strategic decision to inject privileged information into this litigation to defend against our plans. Counsel, can I, let me go back just to make sure we're cleared. Do you contest that these two individuals or school board members in general are covered by the legislative privilege or is that an issue in this case? I do not contest that. Okay. Also, do you agree that the district court has not ruled on the issue of waiver for us to review whether or not a waiver has occurred? I agree that there is no district court ruling concerning waiver, but we would contend that this court cannot evaluate the issue presented without considering the factual context in which the So, as I was saying, BHIS's prior legal team made a calculated strategic decision to inject privileged information into this litigation to defend against our plans. As this court made clear in our reading of time, in an opinion written by Your Honor, Judge Dickinson, under the sword and shield doctrine, if a party affirmatively relies on privileged information to support an element of its defense, the privilege is waived and to prevent selective or misleading disclosures, they're going to dictate that the waiver extends to all related subject matter. It would unfairly prejudice the plaintiffs to bar us from testing the veracity of BHIS's defense. This is particularly so given that BHIS officials have already offered allegedly privileged testimony about their motives as a defense in a hearing and may intend to do so again at trial. And it is inappropriate for BHIS's current set of attorneys to insist that this court categorically bar us from asking questions about a broad swath of information, including the information that BHIS concedes they waive the privilege for. Second, there must be a process for doing these depositions that allows us to test and challenge assertions of privilege, subject to judicial review, particularly given the admitted waiver and the way that BHIS is attempting to wield legislative privilege as both a sword and shield. Appellants should not be permitted to instruct their witness not to answer without any judicial oversight. The district court should be allowed to assess, A, whether the defendant has actually invoked a legislative privilege, given that the privilege is personal, as was pointed out in the Hughes decision, otherwise known as Law, Union, Delft, Butler, Contreras v. Pessitt. And BHIS may not invoke the privilege on an individual's behalf. And of course, they can see that the privilege has not been invoked. The district court should be allowed to assess whether the testimony would ordinarily be protected by legislative privilege. Was it actually a legislative act? And the district court should be able to assess whether the privilege was waived as to that testimony. Given that the applicability of legislative privilege and the scope of the waiver are fact-based inquiries, the district court was well within its discretion to issue an order that would allow it to assess the specific questions asked and specific invocations of privilege. Third, this court lacks jurisdiction. The district's court order did not decide whether legislative privilege applied. Thus, there was no final decision conclusively determining the issue below. And the appeal of an unappealable order does not divest the district court of jurisdiction, as this court explained in United States v. Hutchman. With that, I will pause for a moment to see if you have any Yeah, counsel, the post-appeal order that was entered by the district judge, do you agree that that is a null and void order? I don't agree. Okay. The reason I don't agree is what I just said, that an unappealable order does not divest the district court of jurisdiction. This court has explained as much in United States v. Hutchman, as I just noted, also in Rutherford v. Harris I can get you to cite for that. Okay, I understand your argument. So your jurisdictional argument is a double-edged one, the board doesn't have standing to assert the privilege on your behalf, or that there's non-finality here, we've never actually reached a determination of whether privilege is invoked, or is it both? Thank you for the question, that was basically identical to the order that you and Judge Willett saw in the Roulette 2 case. That opinion never made a determination as to whether legislative privilege should apply. In addition to that, I too was confused by the appeal, you know, Poole, Superintendent Poole, Trustee Skennett, they are not parties to this lawsuit, and we weren't sure, you know, the appeal appeared to be brought by BHISD. An entity cannot kind of silence an individual by saying, I'm going to invoke privilege on their behalf. This court has been clear in various cases, including the Lupe or Hughes opinion, that legislative privilege is personal, it has to be invoked by an individual, and that has not happened here, as has been noted. It's been some time since this issue first came up, so opposing counsel certainly could have filed a declaration, or Superintendent Poole could have filed a declaration, or Trustee Skennett could have filed a declaration asserting that privilege, and making clear they were asserting that privilege. That has not happened, there has been no assertion of privilege. What's more, there is a court precedent that says that, hey, one way, and you know, actually this is noted in Hughes' opinion, Vera, one of the ways he invoked the privilege was by studiously avoiding questions and not answering questions that would invade that privilege. That's not what happened here, right? We had an evidentiary hearing back in 2020, and rather than invoking the privilege, BHISD kind of strategically decided to divulge privilege information as a defense. So Superintendent, for example, was testifying about motive, their counsel never objected. Later on, right, we get all these declarations from every single school board member talking about motive as a defense, and there, you know, it's obviously a strategic decision, and that is the opposite of what Judge Willett had explained in Ruppe or Hughes, is the invocation of privilege. Rather than invoking the privilege, they have actively waived the privilege. Now, there are three big boxes of arguable waiver. One is the PI testimony, the one is the testimony, the second was the declaration, and then the third is the op-ed. There's also the statement from the outputter. But this sort of gets into, did you have any response to their argument that even if some portions were waived, the waiver would only be related to the orbit that was discussed as opposed to the entire matter? As I understand their argument, they would permit us to ask, for example, what did you say in your op-ed? That's the public information. They would not permit us to say, you know, they would object if we were to say, why did you claim a declaration that your actions were motivated by a request from the Department of Justice, not racism? Likewise with the op-ed. The problem that runs into it runs right into NRE Entron and this circuit's sword and shield doctrine that said that you cannot use the testimonial privilege as both a sword and a shield. They are asking to be allowed to advance allegedly privileged information as a defense, but they are denying us the opportunity to test the veracity of that defense by asking any questions about it. So same question I asked them. If you were writing our decision, you would say dismiss for lack of jurisdiction, then it goes back, Poole and Skinner are free to invoke the privilege. Am I correct so far? Yes. And then if they did invoke the privilege right there and then, there would be inquiry into whether they had waived it through public disclosures, correct? Right, the district court should be allowed to. And then at any point, I take it, but again, disagree if you think so, Poole or Skinner themselves, even though they're non-parties, could appeal to us before the privilege is lost. They could say there's an error, we didn't waive it, or we didn't waive it that fully. In other words, we wouldn't even be getting to extraordinary circumstances through all those initial steps that haven't yet happened in this case. Right. Generally, yes. There is, of course, an authority that states that non-parties have other remedies other than, you know, an interlocutory appeal. So there might be some question as to whether they could avail themselves of an interlocutory appeal at that point. There's also some confusion as to whether they're being represented here today, or whether it's the HIQ that's being represented here today, even though they're non-parties. But generally, yes, this court could absolutely resolve this appeal without getting to the extraordinary circumstances inquiry. If we were to get through each step, that at the moment you're hearing questions from me, from both sides, I don't feel have been answered in front of us. If we were, though, I am wondering about a procedure where the question's asked, and then the answer is not given in camera, ex parte. Because that would seem, if there really were privileged material, doesn't that jeopardize it? Sure, and thank you for that question. We support the process that allows, you know, a district court to kind of have some opportunity to exert judicial review over whether privilege actually applies and to what extent it applies. The district court's order is one way to go about it. The district court could have modified its order by saying, hey, this information will be attorney-advised only. The district court could also modify its order to say, hey, what we're going to do is we're going to have the council can object and say, hey, that question calls for information that would be subjected to the legislative privilege. At that point, we can step up. The court reporter could jot down the answers, so there's a record, right, that the district court can then use to evaluate questions asking specific implications of privilege to try to, you know, kind of expedite the process of figuring out where does the privilege apply. I think one of the advantages of the order that the district court entered below and was the same as the order that you all saw in the RULA is that it's efficient in the sense that you're not having the district court weigh in on every single question and every single answer. Instead, the only questions that are coming to the district court are really the ones that we're moving to compel on, right? So we do the whole deposition as a long transcript. We're not saying, hey, district court, look at the whole transcript in camera. What we're saying is, hey, we intend to use a specific portion of testimony, and can you look at this specific portion of testimony? So there are multiple ways of going about it, but what we're trying to say is that there must be a process for the district court to assess indications of privilege, for us to challenge indications of privilege if that's appropriate, and for this to get sorted out in a way that doesn't completely inflate this judicial review and essentially, you know, use legislative privilege as a cudgel to bar the district court. Now when you say to be able to challenge it, you're primarily challenging it on the basis they've already waived it, but are you secondarily saying that at least as to one of these two, the executive as opposed to the school member, there wouldn't be a privilege right at all, or did you earlier say both of them are entitled to legislative privilege? We don't contend that, you know, theoretically speaking, a school board member can be entitled to legislative privilege. I think the question is, given the facts of this case, if this particular school board member and superintendent, I should have said superintendent when I was saying school board member, we don't contend that a superintendent can have both legislative privilege, but the question is, under the fact of this particular case, right, is that the case here, and the district court hasn't weighed in on that and should have an opportunity to do so. So, if I might, I'd like to talk a little bit more about the fact that this order just wasn't at the use of discretion. I've already said that this order was spoken of favorably by this court, the district court judge looked at that and, you know, must have made some decisions in that regard. This court applied a highly deferential standard of review to discovery matters, as you know. Indeed, the district court had broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse. And, you know, as we've noted, it just simply is not a clear abuse when a district court enters an order that this court has called carefully crafted, adamantly prudent, cautious, vigilant, and narrow. We'll also note, having reviewed the dockets of cases in which similar orders were issued, we aren't aware of a situation where there has been a complaint about improper disclosure of privileged information, right, the order says that the privileged information will be reviewed by the camera, it will be subject to protective order. There have been other cases that have used the same procedure, and nobody has come and said, hey, the privileged information was publicly disclosed. At no point does the order contemplate the privileged information being publicly disclosed. It's going to be subject to protective order, and it will be subject to camera review, so a privilege determination can actually be made before it is, you know, kind of okayed for use. We will also note that the district's court order is also not a discriminatory use of discretion because it neutrally follows the law of the circuit, and this court has made clear that state legislative privilege is qualified, but it is both not absolute and should not bar the discovery of non-privileged information. This compels the conclusion that district courts should be cautious in making legislative privilege determination, they should be able to assess the actual questions posed and the specific indication of privilege made before having to make a determination. Other courts have agreed, noting that the court is unable to, and you know, it has been noted that the court is unable to categorically conclude that every conceivable question would either elicit nothing but privileged material or merely restate the record. As you've heard, BHI has conceded that both the superintendent and its board members have relevant non-privileged information and said as much in their papers, and so here you have a situation where there's definitely relevant non-privileged information, they definitely didn't think there's been a waiver, and so the issue really is how can the district court be best situated to assess where the waiver ends and where any privilege begins. And, you know, we would contend that courts should not be required to prejudice plaintiff's counsel by barring us from posing questions that may yield an entirely or at least partial unprivileged answer, even if that question can also potentially elicit a privileged answer. Other courts have, you know, refused to do so. Also, thank you for bringing up Alexander v. Holden, where the Fourth Circuit found that legislative privilege was clearly waived when commissioners testified extensively as to their motives in depositions with their attorney present without objection. The issue here is that that exact same thing happened, except it was important in an evidentiary hearing held on a preliminary injunction motion. And, of course, we also have the declarations. As the Fifth Circuit has said, in a union versus itself operation, the disclosure of being a significant person of a confidential communication waives a privilege as to the whole. So district courts need to be in a position to determine exactly what has been waived. Is it, you know, this part of the testimony? Is it that part of the testimony? Certainly a categorical bar under these circumstances is just not appropriate. Thank you, counsel. Thank you, Your Honor. We have rebuttal. Ma'am, to clear up one thing about counsel opposite's answer when Judge Higginson, you were asking counsel about what would proceed. Under the district court's order, Mr. Skinner and Dr. Poole are required to answer the question. They are required to put on the record the information they contend that it is privileged. That works a waiver of the privilege. At that point, that's an abuse of discretion. How far apart are you both if opposing counsel has said it wasn't contemplated that it would happen without the opportunity to interject? District just made those statements just now. The best, meaning the district judge cannot hear it itself? But how can that be? How does that ever work with a 501 privilege? In other words, that even when we're ascertaining not waiver but crime fraud exception, the whole process works with the district judge being the one that looks into a possible exception to the privilege. Correct, and each of those are ordinary evidentiary privileges. While the privilege for a local legislator comes from common law, it does have constitutional dimensions. It serves the purposes of comedy, federalism, and the 10th Amendment. So what case do you have that there's a hierarchy of 501 privileges? In other words, I'm specifically thinking the attorney-client privilege has reverberations from the Constitution. Are you saying that somehow this is elevated? A school member has a more important qualified privilege? Yes. What's your authority for that? The best authority is probably Bogan v. Scott Harris where the Supreme Court said it is not consonant with our system of government for a court to inquire into the motives of legislators. Well, we can't mix absolute legislative privilege, the testimonial privilege, which is constitutional, with a local assertion. So I think we can because Bogan v. Scott Harris held that there was absolute immunity from liability for local legislators. The testimonial privilege goes hand-in-hand with that absolute immunity. Now, courts that have completely barred inquiry, the 9th Circuit in Lee v. City of Los Angeles, completely barred depositions in that case. The 11th Circuit in Arnell completely barred discovery on legislative privilege. Counsel opposite was arguing about the exceptional circumstances. Well, this court, the Benton Court, came up with a three-part test. Well, just let's step back a little. If I'm not persuaded that absolute immunity, legislative immunity, bleeds over into a legislative privilege, at that point, if that weren't my acceptance, you would have to agree a district judge in camera can assess the exceptions. Because it sounds like your argument is waiver or not, crime fraud or not, no district judge can ever make that determination. I would not quite go that far, Your Honor. You mentioned crime. I think the law is clear that privilege yields to a federal criminal prosecution under Gillen, which is a U.S. Supreme Court case. So I would not say that it applies to a criminal prosecution. But beyond that, that's the only qualification. But if the district court can't hear the answer, then how can the district court even do the I-tron sword shield waiver? It doesn't in this category of privilege. And so it's a categorical bar here because the privilege is to not have to answer the question. The privilege is to not even be subjected to the question in the first instance, but minimally to not answer it. And this court's precedent in court is instructive, very different than what the district court did here. There, the district court judge, Vera, invoked the privilege, refused to answer the question, an appeal was taken, the district court entered an order, a motion, an order on motion, and the district court stayed its own order. And this court held that he didn't have to answer the questions, that the privilege barred the questioning. The district court had no rule. The district court had no rule. It's not a rule for the district court. It's a categorical privilege where if you invoke it, you invoke it. Now, what that means is that you don't have the benefit as the legislator of offering additional testimony. You're stuck with the evidence that you put forward. And so in this case, any contrary rule puts a government to a Hobson's choice. You get sued for policy challenge. It's your burden, particularly on the gender claim, articulate the rationale. So you have to articulate the rationale. That doesn't mean you waive everything. Otherwise, the privilege fails in every section 1983 claim. And we know that can't be the law because this court and that court said the privilege doesn't yield to a mere constitutional or statutory claim. It simply doesn't fall just because there's a section 1983 claim. But the 11th circuit said it best. The privilege is insurmountable in a private civil section 1983 action. Thank you, counsel. This case is admitted and that concludes the cases for the day. We stand to recess.